RICHARD VENTURI, Plaintiff-Appellant, v. BULK PETROLEUM CORPORATION, Defendant-Appellee.—BULK PETROLEUM CORPORATION, Plaintiff-Appellee, v. RICHARD VENTURI, Defendant-Appellant.

Third District   No. 78-96

Opinion filed April 20, 1979.

Melvyn L. Segal and Paul J. Cronin, both of Chicago, for appellant.

Peter J. Crowley and Jeffrey T. Whipple, both of Concannon, Dillon, Snook & Morton, of Chicago, for appellee.

Mr. JUSTICE STENGEL delivered the opinion of the court:

In this appeal, Richard Venturi, the lessee of a gasoline service station, seeks review of an order which denied his request for a temporary injunction to restrain enforcement of a judgment in favor of his lessor, Bulk Petroleum Corporation, rendered in a forcible entry and detainer action.

In 1975 Venturi and Bulk entered into a one-year lease of an E-Z Go service station located at the northeast corner of the intersection of Route 53 and Greenwood Avenue in Romeoville, Illinois. At the same time Venturi and Bulk executed a contract, titled "Automotive Gasoline

Agreement," which required Venturi to purchase motor fuels from Bulk for resale and which provided that Bulk would determine the quantities to be delivered and the prices to be paid by the dealer. The lease was renewed for a second one-year term, and then, on September 30, 1977, Bulk sent Venturi written notice that the lease would not again be renewed and that possession of the premises was to be delivered to Bulk on November 19, 1977. Venturi refused to vacate upon the expiration date, and on November 23, 1977, Bulk filed a forcible entry and detainer action, Docket No. 77—B—6718M, in the Circuit Court of Will County to recover possession. Venturi's answer, which does not show a filing date, denied that Bulk was entitled to possession, and the cause was set for trial on December 27, 1977, before Judge Edwin B. Grabiec.

On December 23, 1977, Venturi filed a separate action against Bulk in the Circuit Court of Will County charging Bulk with price-fixing, restraint of trade and other practices in violation of the Illinois Antitrust Act (Ill. Rev. Stat. 1977, ch. 38, par. 60—1 *et seq.*). This action was assigned Docket No. 77—G—3382CH. In his complaint Venturi alleged that Bulk used one-year leases to police and maintain the retail price of gasoline and that leases were not renewed unless "certain coercive conditions" prescribed by Bulk were met. Venturi asked that Bulk be enjoined from, *inter alia*, attempting to evict Venturi in pending cause No. 77—B—6718M, and that Venturi be awarded $600,000 damages. According to the record, Venturi filed a motion for a temporary injunction on December 28, 1977, gave notice that the motion was set for hearing on December 30, 1977, but no hearing was held on December 30.

On December 27, 1977, at the forcible entry and detainer trial in No. 77—B—6718M before Judge Grabiec, Venturi asked for a continuance until his request for an injunction in the antitrust action had been heard. The continuance was denied, and the hearing on the merits commenced. Bulk introduced into evidence the lease and the notice of termination. The trial was then recessed until January 19, 1978, at which time additional evidence was heard, including Venturi's defense that Bulk had extended the lease for another year by accepting a check for $784.52 sent to Bulk by Venturi on December 30, 1977. The check contained a marginal notation that it was a rental payment for the period from November 4 to December 30, 1977. Bulk notified Venturi on January 4, 1978, that the check had been credited to his account "due to our non-acceptance" of the rental payment. After taking the cause under advisement, the trial court on January 26, 1978, entered judgment for possession in favor of Bulk. Venturi filed a notice of appeal, and the writ of restitution was stayed from time to time until Venturi obtained a ruling on his claim for an injunction under the Antitrust Act.

The motion for an injunction was heard before Judge Thomas

Vinson on February 23, 1978, and was denied. The docket entry recites that the court does not have jurisdiction to hear this request for an injunction, and Judge Vinson stated orally that issuance of an injunction would amount to a collateral attack on a prior judgment and would thus be improper. Venturi appealed from this order, and the two appeals have been consolidated by order of this court.

■■ First, we must consider Bulk's request that these appeals be dismissed because Venturi failed to file his praecipes for record in both causes within the time required by Supreme Court Rules 307 and 322 (Ill. Rev. Stat. 1977, ch. 110A, pars. 307, 322) and also failed to file the records on appeal within the time specified in Rules 307 and 326. Venturi says that he was unable to prepare the praecipe in either case until this court had ruled upon his motion for a stay of execution and for consolidation. Although we do not condone a disregard for the rules of the supreme court, we are cognizant of the provision in Rule 301 that no step, other than the filing of a notice of appeal, is jurisdictional. Therefore, we decline to dismiss this appeal on procedural grounds and elect, in the exercise of our discretion, to consider the merits of this appeal.

One issue originally raised on appeal concerned whether Bulk's acceptance of Venturi's December 30, 1977, check created another one-year tenancy. That issue is now conceded by Venturi to be moot since, if a new tenancy had been created, it would have expired on November 19, 1978, and thus Bulk would now be entitled to possession in any event.

Venturi contends that he was denied his constitutional right to due process of law by the rulings of two circuit court judges. First, Judge Grabiec refused a three-day continuance of the forcible entry and detainer action to permit the chancery court to consider issuing an injunction to stay the forcible entry proceeding and instead proceeded to try the issue of possession and to award judgment to Bulk. Then, Judge Vinson refused to consider the merits of Venturi's request for an injunction on the ground that the prior judgment could not be collaterally attacked.

■■ We note here that Venturi does not claim that the court in the forcible entry and detainer suit erred when it denied his request for a continuance. Generally where two actions between the same parties on the same subject, brought to test the same rights, are commenced in different courts having concurrent jurisdiction, the court which first acquires jurisdiction has a prior right of jurisdiction. (*People ex rel. Scott v. Jones* (1970), 44 Ill. 2d 343, 255 N.E.2d 397; 14 Ill. L. & Prac. *Courts* §253 (1968).) It is possible for the court with prior jurisdiction of an action at law to stay the proceeding before it, pending the determination of a suit in equity where the parties and subject matter are the same, but whether a stay is to be granted in a particular case is discretionary with the court. (1 C.J.S.

*Actions* §133(c)(1), (3) (1936).) We have not been asked to determine whether Judge Grabiec's denial of the continuance was an abuse of discretion, and hence we assume his decision was proper.

■ ■ The issue which we are required to decide is whether the equity court erred in refusing to consider the merits of Venturi's request for an injunction to stay the enforcement of the eviction order. Equity does have jurisdiction to enjoin the prosecution of a forcible entry and detainer suit, where the issues in the equity suit are necessary to the determination of the rights of the parties, and a party seeking such a remedy is not required to assert his claim by way of an equitable defense in the forcible entry and detainer action. (*Bartelstein v. Goodman* (1st Dist. 1950), 340 Ill. App. 51, 90 N.E.2d 796. See also *Allensworth v. First Galesburg National Bank & Trust Co.* (2d Dist. 1955), 7 Ill. App. 2d 1, 128 N.E.2d 600.) In a recent forcible entry and detainer case where the lessee filed an affirmative defense alleging antitrust violations similar to those pleaded here, the reviewing court held the antitrust charges to be not germane to the question of possession. (*Clark Oil & Refining Corp. v. Thomas* (1st Dist. 1974), 25 Ill. App. 3d 428, 323 N.E.2d 479.) The same question was again presented in *Clark Oil & Refining Corp. v. Banks* (1st Dist. 1975), 34 Ill. App. 3d 67, 70, 339 N.E.2d 283, 286, where the court said:

> "[I]n this action plaintiff's claim for possession is predicated solely upon its right to terminate defendant's lease at the end of its term in accordance with the leasing agreement. A tenant who becomes a defendant in a forcible entry and detainer action is not left without a forum within which to present his antitrust claims against his landlord; indeed, defendant is a named plaintiff in a pending antitrust action against Clark Oil * * *."

In both *Clark Oil* cases, the affirmative defenses based on antitrust violations were stricken as not germane to the question of possession under a lease. We believe that the case at bar presents an analogous situation and that the issues involved in the antitrust suit are not necessary to the determination of Venturi's right to possession after the term of the lease expired.

■ Bulk suggests that *Bartelstein* and *Allensworth* should be distinguished because here judgment had been entered before the motion for a temporary injunction was heard, while in those cases the forcible entry proceeding was pending. Thus the motion before Judge Vinson was a request to enjoin execution of the judgment in the prior proceeding. It has been said that one court may not enjoin enforcement of a prior judgment rendered by another court unless the judgment is void on its face, or it has been satisfied, or unless the injunction is merely incidental to other relief (21 C.J.S. *Courts* §499 (1940)), although the same authority has also said that in the case of fraud or mistake, or a showing of manifest

irreparable injury, equity may restrain a plaintiff who has obtained judgment in a possessory action from having restitution of the possession (36A C.J.S. *Forcible Entry & Detainer* §75 (1961)). Under either test we see no basis in the record for an injunction to prevent enforcement of the judgment awarding Bulk possession of its own property upon the expiration of Venturi's lease.

■■ There is nothing in the record to indicate why the hearing on Venturi's request for injunction was postponed from December 30, 1977, to February 23, 1978. Insofar as we can determine, Venturi must bear the responsibility for not obtaining a hearing prior to January 19, 1978, when the forcible entry and detainer trial was concluded. This fact buttresses our conclusion that Venturi was not denied due process of law. Furthermore, Venturi still has his pending antitrust action for damages.

For the reasons stated, we affirm both the judgment of the Circuit Court of Will County in No. 77—B—6718M and the order denying an injunction in No. 77—G—3382CH.

Affirmed.

STOUDER, P. J., and ALLOY, J., concur.