107 Ill. App.3d 217 (1982)
437 N.E.2d 761
In re MARRIAGE OF THOMAS H. ARMSTRONG, Petitioner, and MARY ALICE ARMSTRONG, Respondent.  (MARY ALICE ARMSTRONG, Appellant,
v.
WILLIAM A. MAROVITZ, Appellee.)
Nos. 81-343, 81-1287 cons.
Illinois Appellate Court  First District (1st Division).
Opinion filed June 7, 1982.
Rehearing denied July 6, 1982.
*218 James J. Reagan and Stephen C. Tennant, both of Northbrook, for appellant.
William A. Marovitz, of Marovitz, Powell, Pizer and Edelstein, of Chicago (David A. Novoselsky, of counsel), for appellee.
Affirmed in part and reversed in part.
JUSTICE McGLOON delivered the opinion of the court:
In two appeals consolidated by this court, respondent challenges the amount awarded as a fee for services rendered by the attorney initially retained by her and the assignment of maintenance to satisfy the award. The issues raised on appeal are (1) whether the amount awarded as fees is supported by the evidence, and (2) whether the trial court may order one party to pay maintenance to the other party's attorney to satisfy a judgment for fees.
We affirm in part and reverse in part.
The petition for dissolution of marriage was filed on January 23, 1979. Respondent initially retained appellee to represent her. However, on October 2, 1980, James Reagan was substituted as attorney for respondent. The trial court entered an order allowing appellee to file a petition for attorney's fees at a later date.
On December 15, 1980, after a hearing on the petition for dissolution of marriage and the entry of a judgment thereon, a hearing was held on appellee's petition for fees. On December 22, 1980, the trial court entered an order awarding appellee $5,550. Respondent was credited $750 paid as a retainer fee. Additionally, petitioner was ordered to pay $480 for this fee as his pro rata share of the amount allotted as the fee for a real estate closing performed by a partner in appellee's firm. On January 5, 1981, the order was amended by agreement to reflect a total award of $5,070.
After respondent filed notice of appeal from the order for fees, appellee filed a petition for assignment of maintenance. The trial court considered a memorandum filed by the parties, heard arguments and *219 thereafter ordered petitioner to pay appellee the monthly maintenance due respondent until the judgment for fees was satisfied.
 1 Initially, we address appellee's motion to dismiss the appeals for respondent's failure to file a report of proceedings within the time specified in Supreme Court Rule 323(b) (Ill. Rev. Stat. 1979, ch. 110A, par. 323(b)). Dismissal based upon noncompliance with supreme court rules regarding filing of records and reports of proceedings is discretionary. (See Venturi v. Bulk Petroleum Corp. (1979), 70 Ill. App.3d 967, 388 N.E.2d 1147.) Where the opposing party can establish prejudice caused by the delay, the appeal should be dismissed. However, in this case, the appellee has reviewed the report of proceedings and record, found no errors or omissions, and claims no prejudice from the untimely filing. Thus, we elect to consider this appeal.
We now turn to the issues raised by respondent. First, respondent contends that the amount of fees as determined by the trial court is excessive and not supported by the evidence. The well-established rule pertaining to this issue is that the amount awarded is within the discretion of the trial court whose decision will not be reversed absent a clear abuse of discretion. (In re Marriage of Rogers (1980), 86 Ill. App.3d 904, 408 N.E.2d 448; In re Marriage of Scott (1980), 85 Ill. App.3d 773, 407 N.E.2d 1045.) The factors to be considered in determining the amount of a fee are: the skill and standing of the attorney, the nature of the case, the novelty and difficulty of the questions in issue, the amount and importance of the subject matter, the degree of responsibility, the usual and customary charges, and the benefits resulting to the client. (In re Marriage of Reczek (1981), 95 Ill. App.3d 220, 420 N.E.2d 161; Donnelley v. Donnelley (1980), 80 Ill. App.3d 597, 400 N.E.2d 56.) The trial court may also consider experience and knowledge of the value of legal services which it has acquired in the discharge of its professional duties. In re Sharp (1978), 65 Ill. App.3d 945, 382 N.E.2d 1279.
 2 We find that the trial court did not abuse its discretion. The evidence in the record indicates that appellee represented respondent for approximately 20 months. During this time appellee was instrumental in helping the parties reach an almost complete settlement of their affairs.
Furthermore, his firm performed all the services necessary for the sale of the marital residence. A partner in his firm testified that he devoted 15 or 16 hours in preparing and reviewing documents, conferring with respondent and bank officials, and attending the closing. He further testified that one of his areas of legal expertise was real estate law, that he had practiced law since 1934, and that he normally would charge $2,500 for a similar closing. The trial court allowed $1,200 of the fee for his services. In view of his expertise and experience, we do not believe that portion of the fee is unreasonable.
*220 Additionally, appellee succeeded in obtaining for respondent a spin-off policy from petitioner's health insurance policy. Appellee stated that the insurance company initially refused to issue such a policy. He consulted several people on this matter, including the Illinois director of insurance. As a result of his efforts and after a great deal of negotiation among himself, the parties, and the insurance company, the insurance company reversed its initial decision and agreed to issue the policy. Obtaining this policy was of the utmost importance to respondent because she had had major surgery and had serious medical problems.
Also included in the fees was $500 to be paid by appellee to an accountant for services rendered in relation to the dissolution proceedings. The accountant testified that he investigated the assets of the parties and the tax consequences of different forms of property distribution. He discussed the tax matters with petitioner's attorney, and met with respondent and appellee. He submitted his bill for five hours of services to respondent through appellee. Certainly the tax consequences of property distribution are very important in dissolution proceedings. We cannot say that the services rendered by the accountant in this case were needless. Rather, we believe they were reasonably necessary to ensure the most practical and equitable distribution.
In addition to the aforementioned services, evidence of numerous phone conversations between respondent and appellee or members of his firm was introduced. The trial court also noted that appellee was instrumental in negotiating an out-of-court agreement between the parties regarding mortgage payments on the marital residence. Petitioner's attorney stated that after reviewing his file, he determined that he spent 16 hours discussing the case and appearing in court with appellee. Furthermore, respondent appeared to be highly satisfied with the caliber of representation. Several letters written by her to the appellee wherein she expressed her appreciation and complimented the quality of representation were introduced as exhibits.
We recognize that the matter was uncontested and few court appearances were made. However, we agree with the observation made by the trial court that many matters in dissolution proceedings are handled out of court and that in this case, the out-of-court services were significant and directly inured to respondent's benefit. In conclusion, we find that the trial court considered the relevant factors and that the amount awarded is supported by the evidence.
Respondent also contends that no evidence was presented regarding her ability to pay the fee. Immediately prior to the hearing on the petition for fees, the trial court entered judgment for dissolution of marriage. In this judgment, the assets retained by and distributed between the parties *221 were listed. Thus, the trial court was well acquainted with respondent's financial position and her contention to the contrary is without merit.
Second, respondent contends that the trial court erred in assigning maintenance payments to satisfy the judgment for fees. She maintains that the procedure is not authorized under section 508(b) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1979, ch. 40, par. 508(b)), and violates public policy. We agree.
Section 508(b) of the Act authorizes the court to adjudicate the liability of either spouse for the costs and attorney fees necessarily incurred by the other spouse as well as for his or her own fees. (In re Marriage of Erby (1980), 84 Ill. App.3d 672, 406 N.E.2d 79.) Section 508(b) provides two methods for the payment of fees: (1) directly to the attorney, or (2) to the other party who is to be reimbursed for fees. No provision exists allowing the party who is to provide maintenance to make these payments to the other party's attorney to satisfy a judgment for fees.
 3 Furthermore, we do not believe the legislature intended for attorney fees to be paid in this manner. Maintenance is awarded where a spouse has insufficient income or property to provide for his or her own needs. (Bellow v. Bellow (1981), 94 Ill. App.3d 361, 419 N.E.2d 924.) By assigning maintenance payments, the purpose behind the award is frustrated and the court's efforts in granting the award are negated. (See In re Fisher (1958), 15 Ill.2d 139, 153 N.E.2d 832.) For the aforementioned reasons, we find that maintenance payments may not be assigned to satisfy the judgment for attorney fees.
The judgment of the circuit court of Cook County is affirmed in part and reversed in part.
GOLDBERG and O'CONNOR, JJ., concur.