ANTHONY J. GRECO, Plaintiff-Appellee, v. DR. BARRETT L. COLEMAN, Defendant-Appellant.

Fifth District   No. 5—83—0612

Opinion filed September 13, 1984.

Dunham, Boman & Leskera, of East St. Louis (John W. Leskera and Russell K. Scott, of counsel), for appellant.

William E. Brandt and George Moran, Sr., both of Law Offices of William E. Brandt, of Granite City, for appellee.

JUSTICE JONES delivered the opinion of the court:

Defendant, Dr. Barrett L. Coleman, has petitioned this court pursuant to Supreme Court Rule 306(a)(1)(i) (87 Ill. 2d R. 306(a)(1)(i)) for leave to appeal from an order of the circuit court of Madison County entered August 4, 1983, granting plaintiff Anthony Greco a new trial on the sole issue of damages.

Prior to the expiration of the original 30-day period in which a petition for leave to appeal must be filed, defendant filed pursuant to Supreme Court Rule 306(e) (87 Ill. 2d R. 306(e)) a motion for an extension of time in which to file the petition for leave to appeal. In an order entered September 13, 1983, this court extended the time in which defendant was to file his petition for leave to appeal until December 5, 1983. Prior to the expiration of the extended time, defendant moved for another extension, and this court again extended the time in which to file his petition for leave to appeal, on this occasion until December 20, 1983. Defendant's petition for leave to appeal to this court was mailed on December 20, 1983, and pursuant to Supreme Court Rule 373 (87 Ill. 2d R. 373) was deemed to have been filed on that date. However, the record on appeal in support of defendant's petition was not mailed until December 22, 1983. As no

further extensions of time had been sought, the record was deemed to be untimely, and on April 2, 1984, this court issued an order requiring defendant to show cause why his petition should not be dismissed for lack of jurisdiction for failure to comply with the requirements of Supreme Court Rule 306. Defendant filed a timely response and requested oral argument. Plaintiff's request for leave to reply to defendant's response was granted, and a reply was filed.

Section 6 of article VI of the Illinois Constitution of 1970 (Ill. Const. 1970, art. VI, sec. 6) provides that appeals from final judgments of a circuit court are a matter of right to the appellate court. An appeal from such a judgment is initiated by filing a notice of appeal. No other step is jurisdictional. (87 Ill. 2d R. 301.) Section 6 of article VI also provides that appeals from other than final judgments may be provided for by rule of the supreme court. Since such interlocutory appeals may only be brought pursuant to rule, it follows that the failure to comply with the provisions of the applicable rule takes on jurisdictional significance. For this reason, our show-cause order of April 2, 1984, implied that the failure to timely file the record on appeal precluded our court from obtaining jurisdiction.

In his response, defendant contends that the filing of the record on appeal in appeals brought pursuant to Supreme Court Rule 306 should not be considered a jurisdictional prerequisite. Defendant cites us to *Venturi v. Bulk Petroleum Corp.* (1979), 70 Ill. App. 3d 967, 388 N.E.2d 1147, in support of this contention. *Venturi* involved an interlocutory appeal brought pursuant to Supreme Court Rule 307 (87 Ill. 2d R. 307), wherein the appellant had failed to file the record on appeal within the time specified by that rule for such appeals. The *Venturi* court held that the failure to comply with the record-filing requirement for interlocutory appeals under Supreme Court Rule 307 was not a jurisdictional defect. Rather, the court concluded that it fell within the court's discretion to order a dismissal for noncompliance with the record-filing requirements of the rule. In so holding, the court stated:

> "Although we do not condone a disregard for the rules of the supreme court, we are cognizant of the provision in Rule 301 that no step, other than the filing of a notice of appeal, is jurisdictional. Therefore, we decline to dismiss this appeal on procedural grounds and elect, in the exercise of our discretion, to consider the merits of this appeal." 70 Ill. App. 3d 967, 970.

The *Venturi* court's reliance on Supreme Court Rule 301 would seem to be misplaced, in that Rule 301 applies to final judgments of the circuit courts and not orders of an interlocutory nature like the

order then before that court. As outlined above, appeals from final judgments of the circuit courts come as a matter of right, whereas interlocutory appeals are only permitted if provided for by supreme court rule. (Ill. Const. 1970, art. VI, sec. 6.) The *Venturi* court did not discuss this distinction.

Defendant also cites this court to the case of *In re Marriage of Armstrong* (1982), 107 Ill. App. 3d 217, 437 N.E.2d 761. The *Armstrong* court, citing *Venturi*, held that "[d]ismissal based upon noncompliance with supreme court rules regarding filing of records and reports of proceedings is discretionary." (107 Ill. App. 3d 217, 219.) However, the *Armstrong* case involved an appeal from a final judgment brought pursuant to Supreme Court Rule 301, and not an interlocutory appeal.

The only other analogous case our research has unearthed is *In re Marriage of Rossi* (1981), 100 Ill. App. 3d 669, 427 N.E.2d 294. *Rossi* involved the dismissal of an interlocutory appeal "for failure to comply with Supreme Court Rule 307." (100 Ill. App. 3d 669, 673.) The *Rossi* court gave no basis for its ruling other than the failure to comply with Supreme Court Rule 307 and, thus, did not discuss the issue in terms of the jurisdiction of the court. The cases to which the *Rossi* court cites do discuss appellate jurisdiction but not in the context of the record-filing requirements for interlocutory appeals. *In re Marriage of Zymali* (1981), 94 Ill. App. 3d 1145, 419 N.E.2d 487; *In re Marriage of Brown* (1980), 86 Ill. App. 3d 964, 410 N.E.2d 79; *In re Marriage of Lentz* (1980), 79 Ill. 2d 400, 403 N.E.2d 1036; *English v. English* (1979), 72 Ill. App. 3d 736, 393 N.E.2d 18.

■ At this juncture, we point out that none of the above cases involve Supreme Court Rule 306 but, rather, deal with Rule 307. However, like Rule 306 appeals, appeals under Rule 307 are interlocutory in nature. Thus, from a jurisdictional standpoint, the record-filing requirements of both rules should receive similar treatment. We are inclined to take this position despite the fact that the wording of the two rules with regard to the filing of the record is dissimilar. Rule 306 provides that the record shall be filed with the petition, while Rule 307 allows the record and the notice of interlocutory appeal to be filed separately. We believe that to attach jurisdictional significance to such a distinction would be unduly technical. Furthermore, jurisdiction under Rule 306 is granted by the reviewing court based upon its review of the petition for leave to appeal. Rule 306(a)(1) requires that the petition for leave to appeal contain a statement of the facts of the case, supported by reference to the record. Rather than being jurisdictional, the requirement that the record accompany the petition simply

facilitates the appellate court's review of the petition. Indeed, both Rule 306 and Rule 307 only mention the filing of the records in the context of setting shorter time limits in which to file those records than is allowed for filing records on appeal from final judgments. We do not believe that these shorter time limits were intended to be jurisdictional, but rather, we believe they were established to facilitate the expedited handling of interlocutory appeals. Dismissal for failure to comply therewith should therefore be a matter left to our discretion, as is dismissal for want of prosecution.

Of the cases cited by plaintiff in his reply, only *Johnny Bruce Co. v. Fung* (1970), 123 Ill. App. 2d 396, 259 N.E.2d 412, warrants any comment. The remaining cases merely stand for the proposition that the sole means of securing review of an order granting a new trial is pursuant to Rule 306. *Fung* involved an appeal from a judgment entered in a forcible entry and detainer action. At the time of that decision, the Forcible Entry and Detainer Act (Ill. Rev. Stat. 1967, ch. 57, par. 19) provided that in order to perfect an appeal from a judgment entered under the act, the notice of appeal and a bond had to be filed within five days from the entry of the judgment appealed from. The court held that the requirement for filing of the bond was jurisdictional and dismissed the appeal for failure to timely file the bond. The case can be distinguished on the basis that, at the time the decision was rendered, appeals from judgments entered in forcible entry and detainer actions were specifically governed by that act and not the Civil Practice Act (Ill. Rev. Stat. 1967, ch. 57, par. 11).

■■ ■ We are thus persuaded by the opinions of the other appellate courts that the record-filing requirements of Rules 306 and 307 are not jurisdictional and that dismissal based upon noncompliance therewith is a matter left for our discretion. We echo the sentiments of the court in *Venturi v. Bulk Petroleum Corp.* (1979), 70 Ill. App. 3d 967, 388 N.E.2d 1147, and similarly condemn defendant's disregard of the rules of our supreme court. However, having held that the record-filing requirements of Supreme Court Rule 306 are not jurisdictional, and that dismissal for noncompliance therewith is discretionary, we elect, in the exercise of that discretion, to consider the petition for leave to appeal and record received and filed herein. Defendant's request for oral argument in connection with this matter is denied. (87 Ill. 2d R. 361(b)(2).) Our order of April 2, 1984, requiring defendant to show cause why his petition should not be dismissed for lack of jurisdiction for failure to comply with Supreme Court Rule 306 is discharged.

The court having considered the petition for leave to appeal filed

herein together with the record in support thereof, and the court having been fully advised in the premises, it is ordered that defendant's petition for leave to appeal be and hereby is allowed. The parties are directed to file their briefs in accordance with Supreme Court Rule 306(g) (87 Ill. 2d R. 306(g)).

Rule discharged; petition for leave to appeal allowed.

WELCH, P.J., and KASSERMAN, J., concur.