TALBERT AND MALLON, P.C., Plaintiff-Appellee, v. STOKES TOWING COMPANY, INC., Defendant-Appellant.

Fifth District No. 5—90—0187

Opinion filed May 21, 1991.

GOLDENHERSH, J., dissenting.

John S. Sandberg and Stephen M. Strum, both of Sandberg, Phoenix & von Gontard, P.C., of St. Louis, Missouri, for appellant.

Roy C. Dripps, of Talbert & Mallon, P.C., of Alton, for appellee.

JUSTICE WELCH delivered the opinion of the court:

Defendant, Stokes Towing Company, Inc., appeals from an order of the circuit court of Madison County, entered March 9, 1990, overruling defendant's objection to the court's jurisdiction over the person of the defendant under Illinois' long-arm statute. (Ill. Rev. Stat. 1989, ch. 110, par. 2—209.) We reverse because we find, on the record before us, that plaintiff has failed to establish that defendant has sufficient contacts with the State of Illinois to establish personal jurisdiction over defendant under the long-arm statute.

On December 21, 1989, plaintiff, Talbert & Mallon, P.C., filed a complaint against defendant which alleges substantially as follows:

> (1) that plaintiff is a professional law corporation doing business in the State of Illinois;

> (2) that plaintiff and Cecil W. Stevens were parties to a valid contract for the performance of legal services concerning an injury Stevens had received and for which defendant was allegedly liable;

> (3) that said contract for legal services was entered into between plaintiff and Stevens in Alton, Illinois;

> (4) that defendant knowingly and intentionally interfered with said contract by inducing Stevens to settle his claim against defendant, thereby breaching said contract; and

> (5) that as a direct and proximate result, plaintiff suffered damages in the form of loss of its attorney fees and expenses.

On February 1, 1990, defendant filed a special and limited appearance objecting to the jurisdiction of Illinois courts over the person of defendant. The appearance alleges that the settlement of Stevens' claim against defendant occurred in Mississippi, that defendant is incorporated in Mississippi and has its principal place of business in Mississippi, that defendant is not licensed to do business in Illinois and does not have any offices or agents in Illinois for the transaction of its usual and customary business, that plaintiff's cause of action does not arise from defendant's transaction of business in Illinois, and that the allegedly tortious act upon which plaintiff attempts to assert jurisdiction would have been committed in Mississippi, where the settlement negotiations and settlement took place. Therefore, defendant alleges, Illinois courts have no personal jurisdiction over defendant under the Illinois long-arm statute. Defendant's special appearance is

supported by a memorandum of law and affidavit of David Stokes, president of defendant corporation.

 █ The Illinois long-arm statute provides the only basis upon which to obtain personal jurisdiction over a corporation, such as defendant, which is neither incorporated nor licensed to transact business in Illinois (*Capital Associates Development Corp. v. James E. Roberts-Ohbayashi Corp.* (1985), 138 Ill. App. 3d 1031, 1036, 487 N.E.2d 7, 11), and which does not transact business in Illinois on a continuous and substantial basis. (*Huffman v. Inland Oil & Transport Co.* (1981), 98 Ill. App. 3d 1010, 1016, 424 N.E.2d 1209, 1214.) That statute provides that a nonresident corporation submits to the jurisdiction of Illinois courts as to any cause of action arising from, *inter alia*: (1) the transaction of any business within the State; or (2) the commission of a tortious act within the State. Ill. Rev. Stat. 1989, ch. 110, pars. 2—209(a)(1),(a)(2).

 The order of the trial court does not state on which basis it finds that Illinois courts have jurisdiction over the person of defendant. However, we think it is clear that plaintiff's cause of action did not arise out of defendant's transaction of any business in Illinois. Furthermore, plaintiff's complaint neither alleges nor reflects that defendant does transact any business in the State of Illinois, and certainly not on a continuous and substantial basis. Finally, on appeal, plaintiff does not argue defendant's transaction of business in Illinois as a basis for establishing jurisdiction over defendant under the long-arm statute. Instead, plaintiff argues on appeal that jurisdiction is established over defendant by its commission of a tortious act within the State of Illinois.

 We note initially that plaintiff bears the burden of proof in establishing jurisdiction over defendant. (*Bobka v. Cook County Hospital* (1983), 117 Ill. App. 3d 359, 360, 453 N.E.2d 828, 829.) Plaintiff's complaint does not allege the commission of any act by defendant within the State of Illinois. Indeed, the record reflects that any acts defendant committed were committed entirely within the State of Mississippi. The complaint merely alleges that plaintiff suffered economic loss in Illinois. However, an economic loss which is felt in Illinois is not sufficient to confer jurisdiction in Illinois courts when the allegedly tortious act occurred outside of Illinois. (*R.W. Sawant & Co. v. Allied Programs Corp.* (1986), 111 Ill. 2d 304, 312, 489 N.E.2d 1360, 1364.) Thus, we do not think jurisdiction over defendant can be premised on defendant's commission of a tortious act within the State of Illinois. Consequently, we find that the trial court erred in finding

that it had jurisdiction over the person of defendant and in overruling defendant's special and limited appearance objecting to jurisdiction.

■ There is an additional point which we must address. In its brief, plaintiff raises two issues which are not supported by the record. Plaintiff argues that defendant has waived its objection to jurisdiction by the filing of a motion to stay further proceedings in the trial court subsequent to the trial court's ruling on its special appearance and pending appeal. Plaintiff argues that the filing of the motion to stay constitutes a general appearance which waives defendant's objection to jurisdiction and submits defendant to the jurisdiction of the Illinois court. While we are not persuaded by plaintiff's argument, we find in any event that we are unable to address or decide it as the record on appeal does not include the motion to stay or any other proceedings subsequent to the order overruling defendant's special appearance. This court will not consider facts which are not in the record, and, while an appellee may defend a judgment on review on any ground appearing of record, the necessary factual basis for the determination of such a point must be contained in the record on appeal. (*Sanni, Inc. v. Fiocchi* (1982), 111 Ill. App. 3d 234, 237, 443 N.E.2d 1108, 1111.) This same rule applies to plaintiff's argument that it has established jurisdiction based on allegations of an amended complaint which was also filed subsequent to the order appealed from. The amended complaint is not included in the record on appeal and therefore cannot be considered by us in deciding this appeal.

■ Plaintiff also argues that this court lacks jurisdiction over this appeal because defendant failed to file a notice of appeal in the trial court. Plaintiff argues that, pursuant to Supreme Court Rule 301 (134 Ill. 2d R. 301), the filing of a notice of appeal is the only jurisdictional step in the appellate process, and that this requirement is applicable to all appeals, including permissive interlocutory appeals. We disagree. Supreme Court Rule 301 applies to final judgments of the circuit courts and not orders of an interlocutory nature, like the order in the instant case. (*Greco v. Coleman* (1984), 127 Ill. App. 3d 806, 808, 469 N.E.2d 631, 632.) The instant appeal is taken under Supreme Court Rule 306, which does not require the filing of a notice of appeal. In the case of a permissive interlocutory appeal, the appeal is initiated by the filing of a petition for leave to appeal and the filing of a notice of appeal is unnecessary. (134 Ill. 2d R. 306.) This court is not deprived of jurisdiction over this appeal by defendant's failure to file a notice of appeal in the trial court.

Plaintiff has failed to establish that defendant has sufficient contacts with the State of Illinois to allow Illinois courts to exercise juris-

diction over defendant. We therefore reverse the order of the trial court finding that it had jurisdiction over the person of defendant.

For the foregoing reasons the order of the circuit court of Madison County is reversed.

Reversed.

LEWIS, J., concurs.

JUSTICE GOLDENHERSH, dissenting:

I respectfully dissent. While there is no basic dispute as to the facts alleged in the pleadings in this cause, the source of my dissent is the misapprehension by the majority of the nature of plaintiff's complaint. The majority characterizes the damages allegation as "[t]he complaint merely alleges that plaintiff suffered economic loss in Illinois" and proceeds on the basis of *R.W. Sawant & Co. v. Allied Programs Corp.* (1986), 111 Ill. 2d 304, 489 N.E.2d 1360, to conclude that this mere economic loss is not sufficient to confer jurisdiction on our courts when the alleged tortious acts occurred outside the State. (See 213 Ill. App. 3d at 995.) Plaintiff's complaint, however, states a cause of action in tortious interference with a contractual relationship as opposed to a breach of contract and alleges damages as a direct and proximate result of the tortious actions that occurred outside the State of Illinois. *R.W. Sawant* did not involve a tortious interference with a contractual relationship cause of action and is therefore distinguishable. *Green v. Advance Ross Electronics Corp.* (1981), 86 Ill. 2d 431, 427 N.E.2d 1203, cited in *R.W. Sawant,* is also distinguishable from the present case as it too was not a tortious interference case. In *Green,* the plaintiff argued that Illinois could assert long-arm jurisdiction since the economic consequences of the conduct which took place outside of Illinois were felt in Illinois; the Texas operations which incurred the economic loss were funded from assets in Illinois. Our supreme court, however, considered this consequence of the out-of-State activities too remote to support the contention that tortious acts complained of were committed in Illinois, noting:

> "But the consequences upon which defendants rely are too remote from the misconduct of Green, Sr. [counterdefendant], to support the conclusion that the tortious acts complained of were committed in Illinois. The situs of the last event whose happening was necessary to hold Green, Sr., liable was in Texas. It was there that the alleged improper severance payment was made and the misappropriation and conversion of the

labor of corporate employees and use of corporate premises occurred. It was also the place where the alleged improper expenses were charged and the legal retainer agreement entered into. The tortious acts, if any, and the losses or injury were complete when they occurred in Texas. That, therefore, was the place of the wrongs; their commission cannot reasonably or justifiably be transferred to Illinois by the rationale that their consequence reduced the amount of corporate assets in this State." 86 Ill. 2d at 438, 427 N.E.2d at 1207.

In the present case, however, plaintiffs allege a contractual relationship entered into in Illinois with the last act necessary to complete a cause of action, the injury, occurring in Illinois. Under those circumstances, this is not a mere economic loss case, but rather, a tort action, the last act of which occurred in Illinois, and properly subject to our long-arm statute. See *Gray v. American Radiator & Standard Sanitary Corp.* (1961), 22 Ill. 2d 432, 176 N.E.2d 761.

Accordingly, I would affirm the order of the circuit court of Madison County and remand this cause for further proceedings.