**JANMARK, INC., Plaintiff–Appellant,**

v.

**James T. REIDY and Dreamkeeper, Inc., Defendants–Appellees.**

**No. 97–1426.**

United States Court of Appeals, Seventh Circuit.

Argued Oct. 31, 1997.

Decided Dec. 24, 1997.

---

Mark E. Wiemelt (argued), Chicago, IL, for Plaintiff–Appellant.

John M. Riccione, Dawn C. Wrona (argued), Deborah G. Cole, Aronberg, Goldgehn, Davis & Garmisa, Chicago, IL, Michael J. Emling, Phillip H. Haymond, Long Beach, CA, for Defendants–Appellees.

Before FLAUM, EASTERBROOK, and KANNE, Circuit Judges.

EASTERBROOK, Circuit Judge.

Janmark seeks a declaratory judgment that it has not infringed the defendants' copyright in the design of a "mini shopping cart", plus an injunction against unfair competition based on a false claim of copyright infringement. The suit came to an early end when the district court concluded that it lacks personal jurisdiction over the defendants. *Omni Capital International, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987), in conjunction with Fed.R.Civ.P. 4(k)(1)(A), requires a district judge to determine whether the state in which the district court is located is authorized to exercise personal jurisdiction—even though ascertaining a state's power in a federal-question case such as this, see 28 U.S.C. § 1338(b), seems almost a wager of law, given the power of the United States of America to hale its citizens into *its* courts. See *Diamond Mortgage Corp. v. Sugar*, 913 F.2d 1233, 1244 (7th Cir.1990); *Lisak v. Mercantile Bancorp, Inc.*, 834 F.2d 668, 671 (7th Cir.1987). But this is what Rule 4(k)(1)(A) requires, see *United Rope Distributors, Inc. v. Seatriumph Marine Corp.*, 930 F.2d 532 (7th Cir.1991), unless a federal statute authorizes nationwide service, see Rule 4(k)(1)(D), which the Copyright Act does not. The addition of Rule 4(k)(2) in 1993 highlights this limitation by authorizing worldwide service of process when the defendant otherwise "is not subject to the jurisdiction of the courts of general jurisdiction of *any* state" (emphasis

added). James Reidy and Dreamkeeper, the defendants, are subject to the jurisdiction of California, their home state. So the current litigation may proceed only if Reidy and Dreamkeeper *also* are subject to the jurisdiction of the State of Illinois.

Janmark and Dreamkeeper both sell mini shopping carts throughout the United States—Janmark from its base in Illinois, and Dreamkeeper from its facilities in California. Reidy, who runs Dreamkeeper, contends that he has a copyright in its cart as a "sculpture"; Janmark believes that its competing cart was created independently and doubts that either cart is copyrightable subject matter, for there can be no copyright in a utilitarian item. Compare *Hart v. Dan Chase Taxidermy Supply Co.*, 86 F.3d 320 (2d Cir.1996), with *Carol Barnhart Inc. v. Economy Cover Corp.*, 773 F.2d 411 (2d Cir. 1985). Dreamkeeper has tried to use its copyright claim to orchestrate an agreement among all mini-shopping-cart sellers. A skeptic might deem this an attempt to organize a cartel, backed up by efforts to ruin the business of anyone who does not cooperate. Janmark has resisted Dreamkeeper's overtures, and according to Janmark Dreamkeeper has responded by threatening Janmark's customers with suits for contributory infringement. One such threat, which induced a customer in New Jersey to cease buying shopping carts from Janmark, is the basis of Janmark's contention that Dreamkeeper has committed a tort "within" Illinois and therefore is amenable to process under its long-arm statute, 735 ILCS 5/2–209(a)(2).

■ From one perspective this is a silly position. How can Reidy's phone call from California to New Jersey be a tort "within" Illinois? The New Jersey (ex-) buyer may have contacts with Illinois, but Reidy and Dreamkeeper do not. Janmark observed that the reduction in sales makes it poorer, but the district court pointed to a number of cases holding that bad financial consequences for a firm in Illinois do not amount to a tort in Illinois. *Green v. Advance Ross Electronics Corp.*, 86 Ill.2d 431, 56 Ill.Dec. 657, 427 N.E.2d 1203 (1981); *Talbert & Mallon, P.C. v. Stokes Towing Co.*, 213 Ill.App.3d 992, 157 Ill.Dec. 750, 572 N.E.2d 1214 (5th Dist.1991).

This would be easy enough to see if Janmark had sent a shipment of shopping carts to New Jersey, where Reidy had pushed them into the Atlantic Ocean. Ruining the carts would diminish Janmark's bank accounts in Illinois, but this would not relocate the tort from New Jersey to Illinois. Yet it is equally clear that if Reidy had intercepted a shipment of carts in New Jersey, placed a bomb in the crate and sent it back to Illinois, where the bomb exploded, the tort would occur "within" Illinois even though all of Reidy's acts were carried out in New Jersey. There is no tort without injury, *Rozenfeld v. Medical Protective Co.*, 73 F.3d 154, 156 (7th Cir.1996) (Illinois law), and the state in which the injury (and therefore the tort) occurs may require the wrongdoer to answer for its deeds even if events were put in train outside its borders. A wrong does not become a "tort" until an injury has occurred (speeding is wrongful, but not tortious, if no one is injured), and the location of the injury therefore is vital to understanding where the tort occurred. The tort of which Janmark complains is interference with prospective economic advantage by making false claims of copyright infringement, and this tort was not complete (because no injury occurred) until Janmark's customer canceled the order; the injury and thus the tort occurred in Illinois.

After the decision in *Advance Ross*, Illinois extended its long-arm power to the limit allowed by the Constitution of the United States, 735 ILCS 5/2–209(c), and there can be no serious doubt after *Calder v. Jones*, 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984), that the state in which the victim of a tort suffers the injury may entertain a suit against the accused tortfeasor. *Indianapolis Colts, Inc. v. Metropolitan Baltimore Football Club Limited Partnership*, 34 F.3d 410, 411–12 (7th Cir.1994), applies this understanding to a case with many features in common with Janmark's. The Indianapolis Colts football team accused the Baltimore CFL Colts football team of trademark infringement. Baltimore's team did not conduct business in Indiana. (Although some of its games could be seen in Indiana on cable television, this was not enough to make out the "transacting business" basis of jurisdiction any more than Dreamkeeper's shipment

of some shopping carts into Illinois does.) But its use of the "Colts" name for a football team potentially injured the Indianapolis Colts. Applying the principle that there is no tort without an injury, we held that the tort (if there was one) occurred in Indiana rather than Maryland. If operating a football team in Maryland can be a tort in Indiana, inducing the customers of an Illinois firm to drop their orders can be a tort in Illinois—and given 735 ILCS 5/2–209(c), whether or not it is a tort in Illinois, it is *actionable* in Illinois.

 Dreamkeeper tells us that this result should not be tolerated because it is "against public policy" to allow what is fundamentally copyright litigation to occur anywhere other than the supposed infringer's home state. Which policy, of which sovereign? Defendants cite neither statute nor caselaw in support of their argument. Litigation in a federal court in Illinois can't be against the policy of Illinois, which has extended the arm of its law as far as the Constitution permits—and anyway why should the federal court care about a state's druthers when selecting the venue of federal litigation? For federal-question cases in general, and copyright cases in particular, litigation may occur in the "district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a). Section 1391(c) adds: "For purposes of venue under this chapter [which includes § 1400], a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." Dreamkeeper therefore "resides" in Illinois for venue purposes. Whether under either § 1400(a) or § 1391(b) the Northern District of Illinois is a permissible venue for litigation against Reidy is a subject the district court should turn to promptly.

The judgment is vacated, and the case is remanded for further proceedings consistent with this opinion.