**CLIPP DESIGNS, INC., Plaintiff,**

v.

TAG BAGS, INC.; and David J. Whelan, individually, Defendants.

No. 97 C 7678.

United States District Court,
N.D. Illinois,
Eastern Division.

Jan. 7, 1998.

Micheal D. Lake, Alan L. Barry, Bradley F. Rademaker, Amy J. Gast, Wallenstein, Wagner & Hattis, Ltd., Chicago, IL, Paul Leslie Shelton, Shelton & Associates, Hinsdale, IL, Matthew Joseph Gryzlo, Wallenstein & Wagner, Ltd., Chicago, IL, for Clipp Designs, Inc.

Dennis Michael McWilliams, Jeffrey Robert Gray, Timothy James Engling, Lee, Mann, Smith, McWilliams, Sweeney & Ohlson, Chicago, IL, for David J. Whelan, Individually d/b/a Tagbags.

Dennis Michael McWilliams, Michael Keena Nutter, Lee, Mann, Smith, McWilliams, Sweeney & Ohlson, Chicago, IL, for Tag Bags Inc.

## MEMORANDUM OPINION AND ORDER

ANDERSEN, District Judge.

This matter is before the Court on the motion of defendant David J. Whelan ("Whelan") to dismiss plaintiffs complaint for lack of personal jurisdiction due to inadequate contacts with Illinois. Alternatively, Whelan moves to transfer venue to the District of Minnesota.

During the briefing of this motion, plaintiff, Clipp Designs, Inc. ("Clipp"), filed an amended complaint naming Tag Bags, Inc. as an additional defendant. Tag Bags, Inc. has been served with the amended complaint and its attorneys have filed their appearances. Tag Bags, Inc. now joins in Whelan's motion. For the following reasons, the motion is granted in part and denied in part.

### BACKGROUND

Clipp alleges that defendants' violated state and federal law by selling and advertising a product which purportedly infringes the distinctive trade dress of Clipp's product. Clipp also alleges that "Defendants placed a picture of Clipp Designs' Product in Defendants' advertising for Defendants' "LOCK-ITS" product, identifying Clipp Designs' Product as their own." (Amended Compl., ¶ 18). Tag Bags, Inc. subsequently filed suit against Clipp in the United States District Court for the District of Minnesota requesting a declaration that it has not infringed Clipp's trade dress or trademarks and that it has made neither false representations nor engaged in false advertising.

Clipp is an Illinois corporation with its principal place of business in Hinsdale, Illinois. Clipp manufacturers and sells a heart shaped plastic locket, the COLLECTORS CLIPP™ or THE CLIPP™, which attaches to the hang tag used on stuffed toys such as BEANIE BABIES®. Clipp has been adverting and selling its product since July 1997.

Whelan is a Minnesota resident. In Spring 1997, under the name Tag Bags, Whelan began selling plastic bags that protect the hang tag used on BEANIE BABIES®. On October 6, 1997, Whelan incorporated Tag Bags, Inc., a Minnesota corporation having its principal place of business in Plymouth, Minnesota. Whelan is the president and sole officer of Tag Bags, Inc. In October 1997, Tag Bags, Inc. began advertising a heart shaped plastic locket tag protector, the LOCK-ITS™.

### DISCUSSION

The Lanham Act does not specifically authorize this Court's exercise of jurisdiction.

Thus, this Court has personal jurisdiction over defendants only if an Illinois court has jurisdiction. *FMC Corp. v. Varonos*, 892 F.2d 1308, 1310 (7th Cir.1990). Clipp, the party asserting jurisdiction, has the burden of providing facts sufficient to establish personal jurisdiction. *Vandeveld v. Christoph*, 877 F.Supp. 1160, 1163 (N.D.Ill.1995). First, Clipp must establish jurisdiction under Illinois law. Second, Clipp must establish that the exercise of jurisdiction will not offend due process. *Jacobs/Kahan & Co. v. Marsh*, 740 F.2d 587, 589 (7th Cir.1984); *IDS Life Ins. Co. v. SunAmerica, Inc.*, 958 F.Supp. 1258, 1264 (N.D.Ill.1997).

Under the Illinois long arm statute, a defendant submits to jurisdiction in Illinois if it commits a tortious act within the state and the "cause of action arises from the doing of such act[ ]." 735 ILCS 5/2–209(a)(2). The Illinois Constitution and federal due process require that a defendant have minimum contacts with the forum state "Such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *see also Klump v. Duffus*, 71 F.3d 1368, 1371 (7th Cir.1995.), *cert. denied*, 518 U.S. 1004, 116 S.Ct. 2523, 135 L.Ed.2d 1047 (1996). Minimum contacts arise if a defendant has purposefully availed itself of the privilege of conducting activities in the forum state such that the defendant invokes the benefits and protections of tile law. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). Accordingly, a defendant can reasonably anticipate being hauled in to court in the state in which the "focal point of the injuries resulting from their intentional conduct" occurs. *Calder v. Jones*, 465 U.S. 783, 790, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984).

■ The infringement of intellectual property rights, such as trade dress, is a tort. If Clipp's intellectual property rights are impaired, as the suit alleges, the injury will be felt in Illinois, the state in which Clipp is located. *See Janmark, Inc., v. Reidy and Dreamkeeper, Inc.*, 132 F.3d 1200, 1201–02 (7th Cir.1997); *Indianapolis Colts, Inc. v. Metro. Baltimore Football Club Ltd. Part-*

*nership*, 34 F.3d 410, 411 (7th Cir.1994). Indeed, "the state in which the injury (and therefore the tort) occurs may require the wrongdoer to answer for its deeds even if events were put in train outside its borders." *Janmark, Inc.*, 132 F.3d 1200, 1202.

Because Clipp's alleged injury occurred in Illinois, the critical issue is whether defendants "entered" Illinois in some fashion. Clipp claims that defendants solicited orders in Illinois, advertised LOCK–ITS™ on its Internet web site, and advertised its product in Mary Jane's Beanie World magazine, a magazine circulated in Illinois and nationally.

■ First, Whelan claims that his contacts with Illinois were made solely on behalf of Tag Bags, Inc. in his capacity as president. He argues that the fiduciary shield doctrine prevents this Court from exercising personal jurisdiction over him as an individual. We agree.

■ The fiduciary shield doctrine "denies personal jurisdiction over an individual whose presence and activity in the state in which the suit is brought were solely on behalf of his employer or other principal." *Rice v. Nova Biomedical Corp.*, 38 F.3d 909, 912 (7th Cir.1994), *cert. denied*, 514 U.S. 1111, 115 S.Ct. 1964, 131 L.Ed.2d 855 (1995). *Accord Rollins v. Ellwood*, 141 Ill.2d 244, 152 Ill.Dec. 384, 565 N.E.2d 1302, 1313–1318 (1990). The doctrine serves to prevent the "perceived unfairness" of forcing an individual to defend a lawsuit brought against him personally in a forum in which he performed the only relevant contacts for the benefit of his employer and not for his own benefit. *Vandeveld*, 877 F.Supp. at 1163; *Brujis v. Shaw*, 876 F.Supp. 975, 977 (N.D.Ill.1995). Nonetheless, the doctrine will not apply if the defendant is the alter ego of the entity for which he is a fiduciary. *Brujis*, 876 F.Supp. at 978–979. The fiduciary shield doctrine is an equitable doctrine and is, therefore, applied with discretion. *Burnhope v. Nat'l Mortgage Equity Corp.*, 208 Ill.App.3d 426, 153 Ill.Dec. 398, 567 N.E.2d 356, 363–364 (1990).

The amended complaint does not allege that Whelan's contacts with Illinois were performed in a capacity other than as an

officer of Tag Bags, Inc. Moreover, the amended complaint does not allege that Whelan is the alter ego of Tag Bags, Inc. or that Tag Bags, Inc. is a sham corporation. *See Gaither Tool Co., Inc. v. Tire Serv. Equipment MFG, Inc.*, 96 C 8094, 1997 WL 403583, * 4. Furthermore, Clipp has not provided the court with any equitable reasons for why this Court should disregard the corporate entity. Because Clipp has not alleged any other contacts between Whelan and Illinois, defendants' motion to dismiss Whelan in his individual capacity is granted.

■ This Court, however, does have personal jurisdiction over Tag, Bags, Inc. In *Indianapolis Colts*, 34 F.3d at 411–412, the Seventh Circuit held an Indiana District Court had jurisdiction over a Maryland defendant operating a football team in Maryland. The Court found that the Maryland defendant's alleged conduct, if proved, was a tort against the Indiana plaintiffs' trademark and that the injury was felt in Indiana Likewise, the alleged tortious acts of a Minnesota defendant, Tag Bags, Inc., against the trade dress of an Illinois resident, Clipp, if proved, is a tort in Illinois and the injury will be felt in Illinois. *Id; see also Janmark, Inc.*, 132 F.3d 1200, 1202. Moreover, Tag Bags, Inc. entered Illinois by taking orders for LOCK–ITS® from Illinois residents. (Whelan Dep., p. 144). Thus, this Court's exercise of jurisdiction over Tag Bags, Inc. does not offend traditional notions of fair play and substantial justice.

■ Because, we have jurisdiction over Tag Bags, Inc., we will address defendants' alternative motion to transfer venue pursuant to 28 U.S.C. § 1404(a). Initially, we note that Clipp filed this lawsuit before Tag Bags, Inc. filed its Minnesota action. Under the first filed doctrine, the forum in which the case is first filed is favored absent sound reasons for deviation from the rule. Here, defendants arguments do not Support deviation from the rule.

■ Section 1404(a) states that, "for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." To succeed, a defendant must establish that: (1) venue is proper in the transferor district, (2) venue is proper in the transferee district, and (3) the transfer will serve the convenience of the parties, the witnesses and the interests of justice. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir.1986); *Vandeveld*, 877 F.Supp. at 1166. Here, Whelan requests that the matter be transferred to the District of Minnesota where Tag Bags, Inc. filed its declaratory judgment action.

Venue is proper in both this Court and in the District of Minnesota. Clipp's alleged injury to its trade dress occurred in this district and plaintiff's business records are located here. These contacts are substantial and venue is proper in the Northern District of Illinois. 28 U.S.C. § 1391(b)(2). Further, because Tag Bags, Inc. resides in Minnesota, venue is also proper in the District of Minnesota. 28 U.S.C. § 1391(b)(1).

Defendants claim that all records relating to Tag Bags, Inc. are located in Minnesota, Defendants also argue that witnesses knowledgeable about Tag Bag, Inc.'s manufacturing and advertising practices are located in Minnesota and may be unwilling to travel to Illinois for trial.

Nevertheless, we find that a transfer of venue is inappropriate. Plaintiff's records and witnesses are located in Illinois. Transfer to Minnesota would merely transform an inconvenience for one party into an inconvenience for the other party. Moreover, plaintiffs' decision to bring its lawsuit in Illinois, its home forum, weighs heavily against transfer. Thus, defendants' alternative motion to transfer venue is denied.

### CONCLUSION

For the following reasons, defendants' motion to dismiss for lack of personal jurisdiction is granted as to David Whelan individually and denied as to Tag Bags, Inc. Defendants' alternative motion to transfer venue is denied.

It is so ordered.