HOWARD, Circuit Judge,
concurring.
Although our conclusion that Rhode Island has personal jurisdiction over Nihon Kohden is in my view correct, our inquiry on the relatedness prong of specific jurisdiction may be seen by some as being in tension with much of our precedent. That tension makes this a close case for me, and so I think it proper to add a few words of my own about our conclusion.
The general principles are uncontroversial. To establish that specific jurisdiction exists over a particular defendant, a plaintiff must satisfy, among other things, a “relatedness” requirement. Phillips v. Prairie Eye Ctr., 530 F.3d 22, 27 (1st Cir.2008). More precisely, the plaintiff must show that the claim directly relates to, or arises out of, the defendant’s forum-based contacts. Id.
Even nearer to the point, in determining what constitutes sufficient contact for purposes of the relatedness inquiry, traditionally we have focused on the defendant’s in-forum conduct or activity. See Hannon v. Beard, 524 F.3d 275, 282 (1st Cir.2008). And where a plaintiff alleges a tort, as Astro-Med has in this case, we have regularly required that there be a causal nexus between the defendant’s in-forum conduct or activity and the claim advanced by the plaintiff. Id. (“In typical tort claims, our inquiry is ‘whether the plaintiff has established cause in fact (i.e., the injury would not have occurred but for the defendant’s forum-state activity) and legal cause (i.e., the defendant’s in-state conduct gave birth to the cause of action).’ ”) (quoting Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass’n, 142 F.3d 26, 35 (1st Cir.1998)); Harlow v. Children’s Hosp., 432 F.3d 50, 61 (1st Cir.2005) (“[T]he defendant’s instate conduct must form an ‘important, or [at least] material, element of proof in the plaintiffs case.”) (quotations omitted); Phillips Exeter Acad. v. Howard Phillips Fund, Inc., 196 F.3d 284, 289 (1st Cir. 1999) (“[I]n a tort case, a court charged with determining the existence vel non of personal jurisdiction must probe the causal nexus between the defendant’s [in-forum] contacts and the plaintiffs cause of action.”).
“Although the standard for relatedness for a tort claim is typically different from that of a contract claim,” Phillips, 530 F.3d at 27, where “the tort is intentional interference with a contractual or business relationship, the two inquiries begin to resemble each other.” Jet Wine & Spirits, Inc. v. Bacardi & Co., 298 F.3d 1, 10 (1st Cir.2002). But even in contract cases, the focus remains on in-forum conduct or activity. Phillips Exeter Acad., 196 F.3d at 289 (noting that where the cause of action is for an alleged breach of contract, we ask whether the defendant’s activity in the forum state was “instrumental either in the formation of the contract or in its breach.”).
The problem here is that, from all appearances, Nihon Kohden did not engage in any in-forum conduct or activity that is causally connected to the alleged tort. Ni-hon Kohden’s actual conduct constituting *22 the alleged interference with Astro-Med’s and Plant’s contractual relationship took place in Florida and in California, not in Rhode Island. And for aught that it appears, neither did Plant’s contract-breaching conduct, resulting from Nihon Kohden’s actions, take place in Rhode Island. These facts necessarily narrow the relatedness inquiry in this case to a focus that is solely on the location of the injury to Astro-Med. That approach, however, may be thought to endorse the application of the “effects test,” a test that we have said has no place in assessing relatedness. United States v. Swiss Am. Bank, Ltd., 274 F.3d 610, 623 (1st Cir.2001) (“[T]he ‘effects’ test is a gauge for purposeful availment and is to be applied only after the relatedness prong has already been satisfied.”); see also Mass. Sch. of Law v. ABA, 142 F.3d 26, 36 (1st Cir.1998) (“We have wrestled before with this issue of whether the in-forum effects of extra-forum activities suffice to constitute minimum contacts and have found in the negative.”).
Despite our cases limiting the application of the effects test, we have also on other occasions found the relatedness requirement satisfied based on the in-forum effects of out-of-state conduct. See, e.g., N. Laminate Sales, Inc. v. Davis, 403 F.3d 14, 25 (1st Cir.2005). In the context of the specific circumstances of this case, I believe there is justification for employing the slightly less rigid approach exemplified by Northern Laminate. Cf. Nowak v. Tak How Investments, Ltd. 94 F.3d 708, 716 (1st Cir.1996) (“[Rjelatedness cannot merely be reduced to one tort concept for all circumstances.”). That is because the economic tort at issue in this case was not completed until Astro-Med suffered injury in Rhode Island.[10] See Jolicoeur Furniture Co. v. Baldelli, 653 A.2d 740, 752 (R.I.1995) (laying out the elements of tortious interference with a contractual relationship claim under Rhode Island law); see also Janmark, Inc. v. Reidy, 132 F.3d 1200, 1202 (7th Cir.1997). Indeed, the victim of a business tort often will suffer an economic injury, without which there has been no tort, in a forum that the defendant has not contacted in the classic sense. Construing the relatedness requirement in such cases slightly more generously than we might in others often will permit the best-suited forum to entertain the dispute, provided, of course, that the purposeful availment and reasonableness requirements are satisfied.
It may also be reiterated that a showing was made in the district court that Nihon Kohden had several commercial contacts in Rhode Island, albeit not directly related to this cause of action, leading the district court to find general jurisdiction. While I do not suggest that a blending of the general and specific jurisdiction inquiries would be appropriate, see, e.g., O’Connor v. Sandy Lane Hotel Co. Ltd., 496 F.3d 312, 319-22 (3rd Cir.2007) (discussing, but declining to apply, hybrid test for relatedness), the result in this case can hardly be characterized as unfair. Nihon Kohden had commercial contacts in Rhode Island, it knew full-well that it was tangling with an employment relationship formed in Rhode Island, and the purposeful availment and reasonableness requirements are easily satisfied in this case.

. Nothing in the record prevents a finding that the Rhode Island-based plaintiff in this case has suffered injury in Rhode Island, both in the fact of, and as a consequence of, the breach of its Rhode Island — formed and— managed employment relationship with Plant.