*In re* MARRIAGE OF THOMAS SALATA, Petitioner-Appellee, and DEBRA M. SALATA, n/k/a Debra Kuhn, Respondent (David W. Alspaugh, Appellant).

Second District   No. 2—90—1440

Opinion filed November 7, 1991.

David W. Alspaugh, of Wheaton, appellant *pro se.*

No brief filed for appellee.

JUSTICE NICKELS delivered the opinion of the court:
This appeal arises from the September 21, 1990, order of the circuit court of Du Page County which dismissed with prejudice David Alspaugh's petition for attorney fees and costs. Alspaugh represented Debra Salata, n/k/a Debra Kuhn, respondent (wife), in a dissolution of marriage proceeding filed by petitioner, Thomas Salata (husband). Alspaugh's petition to reconsider was denied on November 27, 1990, and he appealed. He contends that the trial court

abused its discretion in dismissing his fee petition with prejudice because of his failure to have available an outside or third-party expert (outside expert) to testify at the time the matter was set for hearing. Alspaugh also argues that the petition was not inexcusably delayed to warrant dismissal.

Although no appellee's brief has been filed, we are not precluded from addressing the merits on that basis. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128.

Alspaugh initially represented the wife in two petitions for orders of protection filed on May 1, 1989. Thereafter he represented the wife in the dissolution proceedings when the husband filed his petition for dissolution of marriage on May 4, 1989. A prove up hearing was held on December 29, 1989, and Alspaugh filed a petition for fees and costs on January 23, 1990.

A judgment of dissolution of marriage was entered on February 20, 1990. The fee hearing was reset until March 21, 1990, by agreed order. A later agreed order set the hearing for June 14, 1990. The matter was again postponed until September 21, 1990, on the court's own motion.

At the hearing on Alspaugh's petition for fees the husband's attorney informed the trial court that Alspaugh did not intend to call an outside expert to testify in support of his fee petition. Husband's attorney objected on the basis that an outside expert was required, and he asked for a continuance to allow Alspaugh to obtain an outside expert. Without hearing from Alspaugh, the trial court noted that there had been ample time to prepare for the hearing and refused the requested continuance. Since Alspaugh did not have an outside expert to testify regarding the reasonableness or necessity of his fees, the trial court then dismissed the petition with prejudice.

Alspaugh then argued that an outside expert was not required. He was prepared to go forward on his own testimony to prove the reasonableness of his fees and to examine the parties regarding their financial condition. In view of the husband's objection, however, Alspaugh then asked for a later date to call an outside expert.

The trial court noted the length and nature of the case and that Alspaugh sought fees over $10,000. It indicated an outside expert was needed to show the reasonableness and necessity of the fees. Since Alspaugh had no outside expert, the petition was summarily dismissed.

The order of dismissal provided that Alspaugh failed to retain and have prepared to testify an (outside) expert in support of his fee petition. It recited that petitioner (incorrectly referred to as respondent) had answered ready for trial and that Alspaugh had ample opportunity to prepare for trial.

Alspaugh's motion to reconsider was denied following a hearing on November 27, 1990. He filed a timely notice of appeal.

Based on the trial court's order and our reading of the record, the trial court dismissed the petition for fees based on Alspaugh's failure to have an outside expert to testify regarding the reasonableness of his fees. The trial court would not allow a continuance for Alspaugh to secure an outside expert; however, its decision on that matter ultimately rested on its finding that an outside expert was required. Alspaugh stood ready to proceed on his petition without an outside expert. Therefore, the first issue on appeal is whether outside expert testimony is required to prove a petition for attorney fees.

■■ The burden of proof is on the attorney to establish the value of his/her services in a petition for fees. (*In re Estate of Callahan* (1991), 144 Ill. 2d 32, 43-44.) The amount of an award of fees depends upon whether the work was reasonably required or necessary for the proper performance of legal services in the particular case. (*In re Marriage of Erickson* (1985), 136 Ill. App. 3d 907, 917.) Factors to be considered in determining the amount of fees are the skill and standing of the attorney, the nature of the case, the novelty and difficulty of the questions in issue, the amount and importance of the subject matter, the degree of responsibility, the usual and customary charges, and the benefits resulting to the client. (*In re Marriage of Osborn* (1990), 206 Ill. App. 3d 588.) The awarding of fees is within the discretion of the trial court. *In re Marriage of Piccione* (1987), 158 Ill. App. 3d 955.

■ The value of legal services may be shown by the opinions of outside experts. (See *In re Estate of Healy* (1985), 137 Ill. App. 3d 406.) The value of legal services may be shown by the testimony of the petitioning attorney (see, *e.g., Callahan*, 144 Ill. 2d 32; *Johns v. Klecan* (1990), 198 Ill. App. 3d 1013; *In re Marriage of Armstrong* (1982), 107 Ill. App. 3d 217) or by the testimony of the petitioning attorney and outside experts (see, *e.g., In re Marriage of Angiuli* (1985), 134 Ill. App. 3d 417). The trial court may accept or reject the testimony of the parties' outside experts, and it is not bound by the petitioning attorney's opinion of what constituted a reasonable fee. (*Healy*, 137 Ill. App. 3d at 411.) Generally then, case law estab-

lishes that the reasonableness of an attorney's fees must be shown by expert testimony either by the petitioning attorney, an outside attorney or both.

■ In applying the factors used to determine an amount of fees, this court has stated that a trial court may rely on its own knowledge and experience in determining the value of legal services. (*Angiuli*, 134 Ill. App. 3d at 423; accord *McHugh v. Olsen* (1989), 189 Ill. App. 3d 508; *Armstrong*, 107 Ill. App. 3d 217.) Cases such as *Callahan* (144 Ill. 2d 32), *Osborn* (206 Ill. App. 3d 588), and *Armstrong* (107 Ill. App. 3d 217) involved fee awards where no outside expert was called based upon our reading of the facts therein. Recently the Appellate Court, First District, held that while it may be proper for an attorney seeking fees to present expert testimony on the issue of what is a reasonable fee, citing *Angiuli* (134 Ill. App. 3d 417), an attorney was not required to do so as a matter of law. (*Johns*, 198 Ill. App. 3d at 1024.) In *Johns* the petitioners had argued that no fees should be awarded because respondents (attorneys) failed to present expert testimony on the reasonableness of the value of their services on an hourly basis; however, the attorneys themselves had testified regarding the value of their services. It is clear from the facts and issues in *Johns* that the Appellate Court, First District, was referring to *outside* or third-party expert testimony to prove the reasonableness of attorney fees.

We recognize that the central issues in *Johns* (198 Ill. App. 3d 1013) concerned reasonable attorney fees under the doctrine of *quantum meruit* where an attorney is discharged in a contingency fee arrangement. A dissolution of marriage case is not a contingency fee situation. However, we do not read nor find that the point of law stated in *Johns* regarding outside expert testimony is limited to contingency fee situations or *quantum meruit* issues involving attorney fees. While an attorney may wish to provide the testimony of an outside expert to support his/her petition for fees in a dissolution of marriage case, no outside expert is required as a matter of law. See *Johns*, 198 Ill. App. 3d at 1024.

The trial court herein erred by requiring Alspaugh to present an outside expert to testify regarding his fee petition. Since its initial determination of this requirement was improper, we need not address whether the court should have allowed a continuance so Alspaugh could retain an outside expert. Alspaugh is entitled to a hearing on his petition. We make no determination as to the reasonableness or necessity of Alspaugh's fees by this opinion. The trial

court's order is reversed and the matter remanded for a hearing on Alspaugh's petition for fees and costs.

The judgment of the circuit court is reversed, and the cause is remanded for a hearing consistent with this order.

Reversed and remanded.

REINHARD, P.J., and BOWMAN, J., concur.