2022 IL App (1st) 211320-U
Order filed: September 15, 2022

FIRST DISTRICT
FOURTH DIVISION

No. 1-21-1320

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).
_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| SEIDEN LAW GROUP, P.C., as successor-in-interest to SEIDEN NETZKY LAW GROUP, LLC, | ) ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) ) | |
| v. | ) ) | No. 2017 L 8529 |
| MAQBOOL KHAN, an individual, and AMERICAN DEVELOPERS CORPORATION, an Illinois corporation, | ) ) ) ) ) | Honorable Patrick J. Sherlock, |
| Defendants-Appellants. | ) | Judge, presiding. |

_____

JUSTICE ROCHFORD delivered the judgment of the court.
Justice Hoffman and Justice Martin concurred in the judgment.

**ORDER**

¶ 1    *Held*: We affirmed the judgment against Khan on plaintiff's claim for attorney fees, holding that no expert testimony was necessary to show the reasonableness of the charged fees and that Khan otherwise forfeited the issue of whether the trial court's findings were against the manifest weight of the evidence. We dismissed ADC's appeal where its rights were not prejudiced by the judgment.

¶ 2    Plaintiff, the Seiden Law Group, P.C. as the successor in interest to the Seiden Netzky Law Group, LLC, brought a first-amended, five-count complaint for breach of contract and *quantum meruit* against defendants, Maqbool Khan and American Developers Corporation (ADC), arising out of defendants' alleged failure to pay plaintiff's legal fees in connection to its representation of defendants in three underlying legal matters. The circuit court conducted a bench trial on plaintiff's

amended complaint and found in favor of plaintiff and against one of the defendants, Khan, on two of the breach of contract counts (counts I and II) and on one of the *quantum meruit* counts (count V) in the total amount of $87,525.07. The court dismissed counts III and IV against Khan (alleging claims for *quantum meruit*) as moot because it found that contracts existed for those claims and it already had awarded plaintiff damages for the breach thereof in counts I and II. The court entered judgment in favor of the other defendant, ADC, on all five counts because it found that plaintiff represented only Khan on the underlying legal matters at issue. Defendants appeal, arguing that the judgment against Khan on counts I, II, and V was against the manifest weight of the evidence because plaintiff offered no expert testimony regarding the reasonableness of its attorney fees. For the reasons that follow, we dismiss ADCs appeal for lack of standing and affirm the judgment against Khan.

¶ 3    In its amended complaint, plaintiff alleged that it is a law firm whose members are licensed to practice in Illinois. Khan is the president and registered agent of ADC. On June 17, 2014, Khan signed a retainer agreement whereby he employed plaintiff to represent his interests in *Hase Ljubijanac & Senada Ljubijanac v. Lams Re, LLC & ADC* (the *Ljubijanac* matter). Plaintiff subsequently litigated the *Ljubijanac* matter, including "extensive discovery work and numerous court appearances over two years." After Khan failed to pay for its services, plaintiff filed its motion to withdraw on August 17, 2016, which was granted.

¶ 4    On or about July 16, 2014, Khan signed a retainer agreement employing plaintiff to represent his interests in a second matter, *Lams Re, LLC v. ADC* (the *Lams* matter). Plaintiff subsequently litigated the *Lams* matter, including "an extensive discovery process, mediation proceedings, and numerous court appearances." After Khan failed to pay for its services, plaintiff filed its motion to withdraw on February 18, 2016, which was granted.

¶ 5    At Khan's request, on or about September 22, 2014, plaintiff filed an appearance to represent his interests on a third matter, *Rauch Clay Corporation v. ADC* (the *Clay* matter). The *Clay* matter has concluded, but Khan still owes plaintiff a balance of $48.68, plus costs and interest for its legal services.

¶ 6    In count I of its complaint, plaintiff asserted a claim for breach of contract against defendants in the sum of $70,300.10, plus costs and interest, based on Khan's failure to pay for the legal services provided in the *Ljubijanac* matter.

¶ 7    In count II, plaintiff asserted a claim for breach of contract against defendants in the sum of $17,176.29, plus costs and interest, based on Khan's failure to pay for the legal services provided in the *Lams* matter.

¶ 8    In count III, plaintiff asserted a *quantum meruit* claim against defendants in the sum of $70,300.10, plus costs and interest, in the *Ljubijanac* matter.

¶ 9    In count IV, plaintiff asserted a *quantum meruit* claim against defendants in the sum of $17,176.29, plus costs and interest, in the *Lams* matter.

¶ 10    In count V, plaintiff asserted a *quantum meruit* claim against defendants in the amount of $48.68, plus costs and interest, in the *Clay* matter.

¶ 11    Prior to trial, plaintiff disclosed two of its attorneys, Glenn Seiden and Brooke Stevens, as lay witnesses pursuant to Illinois Supreme Court Rule 213(f)(1) (eff. Jan. 1, 2018). Seiden's and Stevens's disclosures stated in pertinent part that they each would be expected to testify to their familiarity:

"with the prevailing amounts that lawyers who practice in Cook County charge for the types of services that Plaintiff provided to Defendants, and that the amounts that Plaintiff charged Defendant for those services are fair, reasonable, and comparable to those charged

by other legal professionals of a similar experience level to Plaintiff performing similar legal services in Cook County."

¶ 12    Plaintiff did not disclose any expert witnesses pursuant to Illinois Supreme Court Rule 213(f)(3) (eff. Jan. 1, 2018).

¶ 13    At the bench trial, plaintiff attempted to elicit testimony from Seiden and Stevens regarding the fairness and reasonableness of the value of the legal services they provided to Khan. Each time, defendants objected on the basis that the reasonableness of an attorney's fees only may be shown by expert testimony. Since Seiden and Stevens only had been disclosed as Rule 213(f)(1) lay witnesses, and not as Rule 213(f)(3) expert witnesses, defendants argued that they could not give expert opinions regarding the reasonableness of the charged attorney fees. The trial court sustained all of defendants' objections to Seiden's and Stevens's testimony regarding the reasonableness of the charged attorney fees.

¶ 14    Other than Seiden's and Stevens's attempted testimony regarding the reasonableness of the charged attorney fees and the sustaining of the Rule 213 objections thereto, defendants have failed to provide us with any recitation or summary of any other testimony and evidence presented at trial.

¶ 15    At the conclusion of the bench trial, the court asked the parties to brief the issue of whether expert testimony was necessary to establish the reasonableness of the attorney fees charged by plaintiff, or whether the court could decide the reasonableness of these fees even without expert testimony. Plaintiff submitted a brief arguing that expert testimony was unnecessary and that the court could use its own knowledge when deciding whether the evidence at trial established the reasonableness of the charged attorney fees. Defendants submitted a brief arguing that expert

testimony was necessary to show the reasonableness of the attorney fees charged by plaintiff. Following the submission of the briefs, the trial court entered its judgment on September 15, 2021.

¶ 16   First, the trial court found that plaintiff entered into written contracts with Kahn to represent him in the *Ljubijanac* and *Lams* matters. Plaintiff also represented Kahn in the *Clay* matter without an express written contract, based on an implied promise that Khan would pay plaintiff reasonable compensation for the services rendered. The written contracts in the *Ljubijanac* and *Lams* matters, and the implied promise in the *Clay* matter, only were entered into between plaintiff and Khan; ADC was not a party thereto and therefore the court entered judgment in favor of ADC on all five counts of plaintiff's complaint. The court then found:

> "Mr. Seiden and Ms. Stevens testified about *** the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; the amount involved and the results obtained; the nature and length of the professional relationship with the client; the experience, reputation, and ability of the lawyer or lawyers performing the services; and the nature of the fee agreement with Mr. Kahn. The Court has reviewed the invoices submitted in evidence and finds that the description of the work and the hours expended is fair. There is no evidence that Seiden Law overbilled any time, and indeed, the opposite is true. The hours billed and the rates charged are consistent with the nature of the cases litigated."

¶ 17   The trial court also noted that "Defendant has argued that plaintiff cannot prevail without presenting expert testimony. The Court rejects that argument."

¶ 18   The court then entered judgment for plaintiffs and against Khan on count I for $70,300.10, on count II for $17,176.29, and on count V for $48.68 and dismissed counts III and IV as moot. Defendants appeal the judgment against Khan on counts I, II, and V.

No. 1-21-1320

¶ 19 Initially, we note that the right to appeal exists only in favor of the party whose rights have been prejudiced by the judgment appealed from. See *Knox v. Chicago Transit Authority*, 2018 IL App (1st) 162265, ¶ 22. In the instant case, the trial court ruled in favor of ADC on all five counts of plaintiff's amended complaint and, as such, its rights were not prejudiced by the judgment and therefore it lacks standing to appeal. *Id.* Accordingly, we dismiss ADC from this appeal and proceed to consider Khan's appeal of the judgment against him on counts I, II, and V of plaintiff's amended complaint.

¶ 20 In an action for attorney fees based on a breach of contract or *quantum meruit* theory, the plaintiff-attorney's *prima facie* case requires proof of the following: the existence of an attorney-client relationship; the nature of the services rendered; the amount of time expended; and the result, if any, obtained for the client. *Wildman, Harrold, Allen and Dixon v. Gaylord*, 317 Ill. App. 3d 590, 598 (2000). The plaintiff-attorney also must prove, by a preponderance of the evidence, that the services rendered were necessary and that the amount of fees sought is fair, just and reasonable. *Id.*

¶ 21 In a civil trial for attorney fees based on breach of contract or *quantum meruit*, the necessity of the legal services performed and the reasonableness of the amount charged are questions of fact. *Id.* at 599. Sitting as the trier of fact, the trial judge decides these issues based on the weight of the competent evidence. *Id.* We will not reverse the court's judgment for attorney fees and costs unless it was against the manifest weight of the evidence, meaning that the opposite conclusion is clearly apparent. *Id.*

¶ 22 Khan argues on appeal that the trial court's judgment against him for $87,525.07 in attorney fees on counts I, II, and V of plaintiff's amended complaint was against the manifest

weight of the evidence because plaintiff provided no expert testimony regarding the reasonableness of those fees.

¶ 23    In support, plaintiff cites *In re Marriage of Salata*, 221 Ill. App. 3d 336 (1991). In *Salata*, David Alspaugh represented Debra Salata in a dissolution of marriage proceeding. *Id.* After the judgment of dissolution of marriage was entered, the trial court held a hearing on Alspaugh's petition for attorney fees. *Id.* at 337. At the hearing, the husband's attorney informed the trial court that Alspaugh did not intend to call an outside expert to testify in support of his fee petition. *Id.* Alspaugh stated that he was prepared to present his own testimony to prove the reasonableness of his fees. *Id.* Finding that an outside expert was necessary to testify to the reasonableness of the charged fees, the trial court dismissed the petition with prejudice. *Id.*

¶ 24    On appeal, the appellate court held that "the reasonableness of an attorney's fees must be shown by expert testimony either by the petitioning attorney, an outside attorney or both." *Id.* at 339. As Alspaugh was prepared to offer his own expert testimony regarding the reasonableness of his fees, the trial court erred in also requiring the testimony of an outside expert. *Id.* Accordingly, the appellate court reversed the dismissal order and remanded for a hearing on the petition. *Id.* at 340.

¶ 25    Khan argues that, pursuant to *Salata*, plaintiff here was required to show the reasonableness of its attorney fees by presenting either the expert testimony of the attorneys who charged the fees or the expert testimony of an outside attorney. Plaintiff did neither. Plaintiff disclosed its attorneys, Seiden and Stevens, only as Rule 213(f)(1) lay witnesses and not as Rule 213(f)(3) experts, and therefore the trial court sustained all of Khan's objections to their testimony regarding the reasonableness of the fees charged. Plaintiff did not call an outside attorney to give expert testimony regarding the reasonableness of the fees charged. In the absence of any expert testimony

regarding the reasonableness of the fees charged, either from plaintiff's own attorneys or by an outside attorney, Khan contends that plaintiff failed to make a *prima facie* case for attorney fees either under a breach of contract theory or a *quantum meruit* theory. Accordingly, Khan asks us to reverse the judgment order awarding plaintiff $87,525.07 in attorney fees on counts I, II, and V of its amended complaint and enter judgment in his favor on those counts.

¶ 26    We reject Khan's argument and affirm the judgment order against him, relying on *Johns v. Klecan*, 198 Ill. App. 3d 1013 (1990), *Fitzwilliam v. 1220 Iriquois Venture*, 233 Ill. App. 3d 221 (1992),  and *Bosch Die Casting Co., Inc. v. Lunt Manufacturing Co., Inc.*, 236 Ill. App. 3d 18 (1992).

¶ 27    In *Johns*, the plaintiffs in a personal injury action against Georgeann Klecan filed a petition for adjudication of attorney's liens, seeking the denial of any attorney fees to respondents, Nicholas B. Blase and Fred Lambruschi, in connection with their representation of the plaintiffs in the suit against Klecan. *Id.* at 1016. After an evidentiary hearing at which Blase, Lambruschi, and a paralegal testified to the legal work performed and the fees charged, the trial court granted the petition and denied respondents any attorney fees. *Id*

¶ 28    The appellate court held that Blase's and Lambruschi's testimony at the hearing, as well as the testimony of the paralegal, was sufficient to support an award of fees. I*d.* at 1021. The appellate court rejected the plaintiffs' argument that respondents' failure to present any expert testimony regarding the reasonableness of the value of their services was fatal to their case, because "[w]hile it may be proper for an attorney seeking fees to present expert testimony on the issue of what is a reasonable fee [citation], he is not required to do so as a matter of law." *Id.* at 1024. The appellate court also noted that "a trial court is not limited to the evidence presented in arriving at a reasonable fee but may also use the knowledge it has acquired in the discharge of professional duties to value

legal services rendered." *Id.* at 1022. Finding that the evidence was sufficient for the trial court to determine a reasonable fee for respondents' time, the appellate court reversed and remanded for further proceedings. *Id.* at 1025.

¶ 29    In *Fitzwilliam*, 233 Ill. App. 3d at 224, the plaintiffs brought an action for injunctive and declaratory relief seeking damages for constructive eviction and the wrongful assessment and seizure of property tax prorations. The defendant filed a counterclaim for attorney fees and costs. *Id.* The trial court granted summary judgment for the defendant as to each count of the plaintiffs' complaint and as to the defendant's counterclaim for attorney fees and costs. *Id.*

¶ 30    On appeal, the plaintiffs argued that the trial court erred in not holding an evidentiary hearing on the amount of attorney fees to be awarded to the defendant. *Id.* at 235. The plaintiffs maintained that "it was 'fatal' to the award of attorney fees 'that no expert testimony was offered as to the reasonableness of the charges.'" *Id.* The appellate court disagreed, holding that while expert testimony properly may be offered as to the reasonableness of the fees, such testimony is not required as a matter of law and that the trial judge's "experience and knowledge may be relied upon in determining what constitutes a proper expenditure of time." *Id.* at 235-36.

¶ 31    In *Bosch*, 236 Ill. App. 3d at 19-21, the defendants moved for attorney fees after judgment was entered against the plaintiff in an action concerning ownership of stocks. The trial court conducted a hearing and awarded the defendants $382,842.96. *Id.* at 26. On appeal, the plaintiff argued for reversal based on the defendants' failure to present expert testimony concerning the usual, customary charges for legal services in Cook County for the relevant time period. *Id.* at 30. The appellate court disagreed, holding that when assessing attorney fees, the trial court may utilize its own knowledge regarding the value of the services rendered; expert testimony is not required. *Id.*

¶ 32     As *Johns*, *Fitzwilliam*, and *Bosch* make clear, judges, as attorneys, have particular expertise in evaluating the reasonableness of attorney fees. Therefore, expert testimony on that issue, while proper, is not required as a matter of law; the court may award attorney fees based on its own evaluation of the evidence and its knowledge of the value and reasonableness of the fees sought.

¶ 33     When considering the reasonableness of the fees sought, the trial court should consider the following factors set forth in Rule 1.5(a) of the Illinois Rules of Professional Conduct (eff. Jan. 1, 2010):

"(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent."

¶ 34     In its written order, the trial court addressed the Rule 1.5(a) factors, stating that plaintiff's attorneys, Seiden and Stevens, had testified about their time and labor; the novelty and difficulty of the questions involved; the amount involved and the results they obtained; the nature and length of their professional relationship with Khan; their experience, reputation, and ability; and the nature of the fee agreement with Khan. The trial court made no mention of any testimony by Seiden

and Stevens with respect to the reasonableness of the fees charged, as the court had sustained all of Khan's objections thereto based on plaintiff's failure to disclose them as expert witnesses. However, even in the absence of any expert testimony, the court found that the fees charged were reasonable. In so finding, the court expressly relied on "the invoices submitted in evidence," stating that the description of the work and the hours expended is "fair" and that there was no evidence that plaintiff had overbilled for any of its time. The court concluded that the hours billed and rates charged were "consistent with the nature of the cases litigated."

¶ 35    As we have discussed earlier in this order, the absence of any expert testimony regarding the reasonableness of the rates charged was not fatal to plaintiff's claim for attorney fees, as the court could consider the evidence presented at trial (namely, the invoices and the testimony regarding the Rule 1.5(a) factors) and rely on its own expertise when deciding whether such evidence indicated that the fees charged were reasonable. As to whether the court's finding regarding the reasonableness of the fees charged was against the manifest weight of the evidence, we note that Khan has provided us with no discussion of the invoices relied on by the trial court or even any citation to where the invoices may be found in the appellate record. Nor did Khan provide us with any discussion or citation in the record to Seiden's and Stevens's testimony about the other Rule 1.5(a) factors relevant to the reasonableness determination. As the appellant, Khan bears the burden of providing us with a cohesive argument as to why the invoices and Seiden's and Stevens's testimony did not support the court's finding regarding the reasonableness of the fees charged, with citation to relevant authorities and the pages of the record relied on. See Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020). Khan's failure to so comply with Rule 341(h)(7) results in forfeiture of the issue. *Id.*

¶ 36    For all the foregoing reasons, we dismiss ADC's appeal for lack of standing and affirm the circuit court's judgment in favor of plaintiff and against Khan on counts I, II, and V of the amended complaint.

¶ 37    Dismissed in part and affirmed in part.