2022 IL App (1st) 211320-U

SECOND DIVISION
December 6, 2022

No. 1-22-1320

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| WILLIAM BOUVEL, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 2022 OP 75043 |
| | ) | |
| DAVID DUGGAN, | ) | Honorable |
| | ) | Judith C. Rice, |
| Respondent-Appellant. | ) | Judge Presiding. |

_____

JUSTICE ELLIS delivered the judgment of the court.
Presiding Justice Fitzgerald-Smith and Justice Howse concurred in the judgment.

## ORDER

¶ 1    *Held*:  Appeal dismissed for lack of jurisdiction. Respondent's motion to vacate *ex parte* emergency stalking no-contact order was never "presented" to circuit court, as required for interlocutory appeal to lie under Illinois Supreme Court Rule 307(b).

¶ 2    The circuit court granted petitioner William Bouvel's *ex parte* petition for an emergency stalking no-contact order against respondent David Duggan. Respondent moved to vacate the order. The next day, he moved for substitution of judge. The court asked for briefing on the motions and set a hearing date. But before the motions were heard, Respondent filed a notice of appeal, premising appellate jurisdiction on Illinois Supreme Court Rule 307(b) (eff. Nov. 1, 2017).

¶ 3    Rule 307(b) allows for an interlocutory appeal of an *ex parte* order, provided that the

respondent "shall first present, on notice, a motion to the trial court to vacate that order." *Id.* After presentation of that motion, a respondent may appeal if one of two things happens—either the trial court denies the motion to vacate or "the court does not act thereon within 7 days after its presentation." *Id.*

¶ 4        Our resolution of this appeal turns on one simple, dispositive fact: Though Respondent *filed* a motion to vacate the *ex parte* order, he never "presented" it to the circuit court for adjudication. In fact, he explicitly refused to present the motion to vacate until the case was reassigned to a new judge, or at least until his motion for substitution of judge was decided. He had every right to make that strategic decision, but he must now live with its consequences. And one consequence is that an interlocutory appeal does not yet lie under Rule 307(b). Thus, we have no choice but to dismiss this appeal for lack of jurisdiction.

¶ 5                                    BACKGROUND

¶ 6        Petitioner, appearing *pro se*, first petitioned the circuit court for an emergency—and thus *ex parte*—stalking no-contact order against Respondent on June 28, 2022. See 740 ILCS 21/95 (West 2020). Neither Petitioner's allegations nor the particular restrictions imposed by the order have any bearing on the threshold question of appellate jurisdiction. Suffice it to say, for our limited purposes here, that Petitioner testified to his allegations in court, and Judge Rice granted his petition. The initial emergency order would remain in effect until July 19, when the case was set for a status hearing via Zoom.

¶ 7        The Cook County Sheriff's office attempted to serve Respondent with a summons on July 13. The affidavit of service states that a "male voice refused to open [the] door" at Respondent's home, and while the officer was "unable to confirm [that individual's] ID," the officer did believe that the "subject [was] avoiding service."

¶ 8    So it is perhaps no surprise that Respondent did not appear for the Zoom hearing on July 19. On that date, Judge Amendola extended the emergency order, again *ex parte*, through August 9. There is no transcript of that proceeding in the record on appeal, and the record is otherwise silent as to why the case had been transferred from Judge Rice to Judge Amendola.

¶ 9    Respondent was eventually served with an alias summons on August 3. On August 8, counsel for both parties filed their initial appearances. That same day, Respondent electronically filed a motion to vacate the *ex parte* order. The motion states, "[i]f a hearing is required, we request one on 2 days or less notice * * *." But there is no notice of motion in the record. The case was already set for a status hearing, via Zoom, the next day—August 9—when the *ex parte* order, as previously extended, was set to expire again.

¶ 10   The Zoom hearing on August 9 was before Judge Amendola, who found several reasons why the motion to vacate could not be heard that day. First, the motion was not on the court's daily call; indeed, it could not have been, since it was not noticed up.

¶ 11   Second, even had Respondent given notice, that notice would have been insufficient. A respondent must give two days' notice of a motion to vacate an emergency order, unless the court orders otherwise. *Id.* § 21/120(c); see also Ill. S. Ct. R. 307(b) (eff. Nov. 1, 2017) (permitting appeal of *ex parte* order, provided that appealing party "shall first present, *on notice*, a motion to the trial court to vacate the order.") (emphasis added)). So even had Respondent noticed the motion filed on August 8 for the Zoom hearing on August 9 (which he did not), that would have been less than two days' notice and thus insufficient.

¶ 12   The third and final reason Judge Amendola was reluctant to hear the motion to vacate was that the stalking no-contact order was entered by Judge Rice, after hearing Petitioner's testimony. Thus, Judge Amendola reasoned, the motion to vacate should likewise be heard by

Judge Rice.

¶ 13    Respondent insisted that the statute afforded him a right to a hearing on the motion to vacate within 2 days of the August 9 Zoom hearing. Judge Amendola said she would confer with Judge Rice about scheduling and reconvene with the parties later that day.

¶ 14    When the case was recalled in the afternoon, Judge Amendola informed the parties that the motion to vacate was now set to be heard by Judge Rice on August 15, exactly one week after it had been filed. Over objection, Judge Amendola also extended the emergency order through that date of August 15.

¶ 15    During that hearing on August 9, Respondent announced that he intended to file a motion for substitution of judge—which he did, later that day. The motion asserted that Respondent was still entitled to substitution of judge "as of right," since the only substantial ruling in the case was an *ex parte* order. See 735 ILCS 5/2-1001(a)(2)(iii) (West 2020). Counsel noticed the motion for presentation before Judge Rice, at the same August 15 Zoom hearing that had just been scheduled for the motion to vacate.

¶ 16    Judge Rice began that August 15 hearing, logically enough, with the motion for substitution of judge. Respondent confirmed that it was Judge Rice, not Judge Amendola, that he sought to substitute. He did not want Judge Rice to hear his motion to vacate, even though Judge Rice had entered the order he *sought* to vacate.

¶ 17    Judge Rice ultimately reserved her ruling on the motion for substitution of judge. As she saw matters, the case presented a potentially novel procedural wrinkle that required briefing by the parties. In a nutshell, the issue was whether the statutory provision cited in the motion still applied, given that Respondent had already filed a motion to vacate the *ex parte* order. (That question is not before us, so we need not elaborate.) Respondent maintained that the "plain

language" of the statute was clear and applied to this case without further ado. Petitioner opposed the motion, claiming to share Judge Rice's doubts.

¶ 18   With the issue thus joined, and the judge not ready to rule on the motion for substitution at that time, Respondent suggested that the court grant Petitioner's attorney "a brief period of time" to respond. After conferring with the attorneys, the court set a briefing schedule, allowing 7 days for a response and 2 days for a reply.

¶ 19   Respondent's attorney objected that, in light of the emergency order his client was subject to, they were "entitled to move forward * * * much more rapidly" than that. Judge Rice responded, "Well, then withdraw your motion for substitution of judge and then I'll hear your motion [to vacate]" without delay. Respondent answered, "Judge, respectfully, I don't believe we have to do that." In that case, the judge said, briefing was in order.

¶ 20   As the judge continued to debate the motion with Respondent, opposing counsel interjected that he had just learned of Petitioner's imminent travel plans. And—for reasons that escape us—counsel for Petitioner claimed that "I really need my client to be present" while he briefed a question of civil procedure and statutory interpretation. Petitioner's attorney thus asked for two weeks, until August 29, to respond to the motion for substitution of judge.

¶ 21   Respondent's attorney again complained that, "if [Petitioner] wants an emergency order in place, this needs to move with greater alacrity on his end. I understand his right to an emergency hearing, but we have a right to a prompt adjudication, a prompt opportunity to be heard as well." After the judge responded that the revised briefing schedule was prompt enough, counsel said that he could file his reply by September 1, if not sooner.

¶ 22   Both motions—the motion for substitution of judge and the motion to vacate the *ex parte* order—were continued until September 2. If the motion for substitution of judge was denied at

that time, Judge Rice would hear the motion to vacate immediately. If it was granted, the motion to vacate would get "a short date" of "a few days" to be heard by a different judge. And with that, the August 15 hearing concluded. Judge Rice also extended the emergency stalking no-contact order through September 2.

¶ 23    On August 26, however, Respondent changed course, filing a notice of appeal, asserting that an interlocutory appeal lies pursuant to Illinois Supreme Court Rule 307(b) (eff. Nov. 1, 2017). In a "notification to the [circuit] court," Respondent stated that "[t]he notice of appeal divests this Court of jurisdiction."

¶ 24    On September 2, Judge Rice signed an order purporting to extend the emergency stalking no-contact order through October 13. (Though it is signed by Judge Rice, the order, somewhat confusingly, bears Judge Amendola's file stamp.) The order further notes that the case was "on appeal" and that "all motions" were entered and continued. And that is as far as the record on appeal goes.

¶ 25    After Respondent's opening brief on appeal was filed, Petitioner moved to dismiss the appeal for lack of jurisdiction. Another panel of this court denied the motion to dismiss without comment.

¶ 26                             ANALYSIS

¶ 27    We have a duty consider our appellate jurisdiction, even if the parties do not challenge it. *Ferguson v. Riverside Medical Center*, 111 Ill. 2d 436, 440 (1985). We are not bound by an earlier panel's jurisdictional ruling. See *People v. Van Cleve*, 89 Ill. 2d 298, 304 (1982) ("[A] court possesses inherent power to correct its interlocutory rulings."); *People v. Warren*, 2016 IL App (1st) 090884-C, ¶ 64 (appellate court may change ruling provided it still has jurisdiction).

¶ 28    Respondent's notice of appeal premises appellate jurisdiction on Illinois Supreme Court

Rule 307(b) (eff. Nov. 1, 2017). In relevant part, the rule provides as follows:

> "If an interlocutory order is entered on *ex parte* application, the party intending to take an appeal therefrom shall first *present*, on notice, a motion to the trial court to vacate the order. An appeal may be taken if the motion is denied, or if the court does not act thereon within 7 days after its *presentation*." (Emphasis added.) *Id*.

¶ 29    In briefing the motion to dismiss the appeal, the parties disputed whether the circuit court "act[ed]" on the motion to vacate by setting it for a hearing within 7 days of its filing, or whether the circuit court was required to rule on the motion within that same timeframe. But the meaning of the phrase "act thereon" is not the dispositive phrase here. The seven-day timeframe for "act[ing]" on a motion to vacate, whatever exactly that may entail, only starts to run once the motion has been "present[ed], on notice," to the circuit court. *Id*. And here, Respondent never presented his motion to vacate to the circuit court.

¶ 30    Simply filing a motion is not the same as presenting it to the court for adjudication. For one, presentation of a motion, under Rule 307(b) or otherwise, requires notice to the opposing party. That is the point of a notice of motion: to inform the opposing party that the movant will appear before the court, at a date and time certain, to formally present the motion that has just been filed. For example, the notice of motion accompanying Respondent's motion for substitution of judge states that counsel "will appear before" Judge Rice, at the August 15 Zoom conference, "and *present* Respondent's Motion For Substitution of Judge which is attached hereto." (Emphasis added.) The mere filing of the motion, as counsel recognized, did not yet oblige the court to act. The motion first had to be noticed up for presentation.

¶ 31    Unlike the motion for substitution of judge, the motion to vacate was not noticed up for presentation. There is no notice of motion in the record. And when the motion to vacate was first

discussed during the August 9 Zoom hearing, the day after it was filed, Judge Amendola noted that it was not on the court's call—because it was not properly noticed.

¶ 32     To be clear, there are two notice problems here. One is that the motion was not noticed up at all for August 9. The second, emphasized by Judge Amendola, is that the Stalking No Contact Order Act specifically requires a motion to vacate to be presented on two days' notice to the petitioner, absent a court order allowing a shorter notice period. 740 ILCS 21/120(c). So even if the motion had been noticed for August 9 when it was filed on August 8, the notice would have been insufficient.

¶ 33     The long and short is that Respondent's motion to vacate could not have been and was not "presented" at the August 9 Zoom hearing. So the 7-day clock for the circuit court to "act" on the motion had not yet been triggered.

¶ 34     When the parties reconvened later on August 9, Judge Amendola announced that the motion to vacate would be heard by Judge Rice on August 15. But when that date arrived, Judge Rice first had to hear the motion for substitution of judge that Respondent had filed upon learning that Judge Rice, rather than Judge Amendola, would hear the motion to vacate. As it turned out, Judge Rice thought the motion for substitution of judge was not as simple as Respondent thought; she wanted the question briefed by the attorneys before ruling.

¶ 35     So under no circumstances could we find that the motion to vacate was "presented" at the August 15 hearing, either. Respondent refused to present it to the judge presiding, Judge Rice— he wanted a different judge.

¶ 36     But then Respondent did not wait for the resolution of the motion for substitution. Instead, eleven days after the August 15 hearing and three days before Petitioner's brief on the substitution motion was due, Respondent filed a notice of appeal. Unfortunately, as he had never

"presented" the motion to vacate to any circuit judge before doing so, he failed to satisfy the letter of Rule 307(b). Ill. S. Ct. R. 307(b) (eff. Nov. 1, 2017).

¶ 37    While we may sympathize with Respondent's impatience over the two-week briefing schedule over a fairly routine question in the context of an emergency *ex parte* proceeding, the fact remains that there would have been no delay at all had Respondent not moved for substitution of judge. Judge Rice was ready to hear the motion to vacate on August 15; it was Respondent who did not want to present it to her. Again, it was certainly his right to move for substitution of judge (whether it was meritorious, we need not decide), but that decision came with consequences.

¶ 38    We likewise regret that an earlier panel of this court denied Petitioner's motion to dismiss the appeal, resulting in a loss of time and the expense of briefing the substantive issues. But unlike our supreme court, which has supervisory authority over the courts, the appellate court has no leeway on jurisdictional matters; if we determine, as we do here, that we lack jurisdiction, we have no recourse but to dismiss the appeal. See *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 217–18 (2009); *People v. Lyles*, 217 Ill. 2d 210, 216 (2005); *North Community Bank v. 17011 South Park Avenue, LLC*, 2015 IL App (1st) 133672, ¶ 24.

¶ 39    In sum, Respondent did not "present" his motion to vacate merely by filing it. He did not "present" the motion when it was discussed the day after its filing at the August 9 hearing. And he refused to "present" it at the August 15 hearing before Judge Rice, moving instead for a substitution of judge. Because he never presented his motion to vacate to the circuit court before filing his notice of appeal, Respondent did not satisfy the dictates of Rule 307(b). We thus lack appellate jurisdiction. The appeal is dismissed.

¶ 40    Appeal dismissed.